UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00200-GNS-HBB

COACH, INC., et al.                                                                                    PLAINTIFFS

v.

YAN CHEN, et al.                                                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Renewed Motion for Summary Judgment (DN 57). The motion is ripe for adjudication. For the reasons discussed, the motion is **GRANTED**.

**I.     SUMMARY OF THE FACTS**

In 2010, Advanced Investigative Services, Inc. ("AIS"), a firm specializing in intellectual property investigations, focused on Defendant Yan Chen ("Chen") after learning he was selling counterfeit trademark-labeled products, including some modeled after products by Plaintiff Coach, Inc. ("Coach").[1] (Dees Aff. ¶ 3, DN 41-1). Coach is a long-term AIS client and provided investigators with specialized training to identify goods with counterfeit trademarks. (Aspiras Aff. ¶¶ 3, 5, DN 41-2).

On May 25, 2016, an AIS investigator visited Wholesale & Retail Market ("Wholesale Market") in Cave City, Kentucky, which is operated by Chen. (Dees Aff. ¶ 4). The investigator purchased several items bearing Coach trademarks and determined they were counterfeit. (Dees Aff. ¶ 4). These items and supporting affidavits were provided to agents for the United States Department of Homeland Security ("DHS"). (Dees Aff. ¶ 4).

---

[1] Coach, Inc. changed its name to Tapestry, Inc., and Coach Services, Inc. changed its name to Coach IP Holdings LLC, a wholly-owned subsidiary of Tapestry, Inc. (Pls.' Notice Corp. Name Changes, DN 42). "Plaintiffs" and "Coach" are used interchangeably.

DHS agents obtained a warrant for Chen's residence and businesses. (Dees Aff. ¶ 5). The first was executed on May 26, 2016, accompanied by two AIS investigators. (Dees Aff. ¶ 5). Numerous items were seized during the search of Wholesale Market with four hundred sixteen bearing Coach labels, including one hundred thirty-seven hats, one hundred thirty-four hard and soft emblems, one hundred seven soft emblems, thirty-three belts, four purses, and one pair of sunglasses. (Dees Aff. ¶ 6).² On May 27, 2016, DHS agents, with the same AIS investigators, executed another search warrant at Chen's booth at Flea Land Flea Market ("Flea Land") in Bowling Green, Kentucky. (Dees Aff. ¶ 7). This led to seizure of fifty-six items bearing Coach labels, including twenty-six belts, twelve pairs of sunglasses, eleven hats, five bottles of perfume, one purse, and one wallet. (Dees Aff. ¶ 7). AIS investigators, using the specialized training from Coach, inspected the seized items and determined they were counterfeit. (Dees Aff. ¶ 8).

Coach's trademarks are valid and subsisting. (Aspiras Aff. ¶ 9). Coach products are globally recognized by its trademarks and are associated with high-quality production and craftsmanship. (Aspiras Aff. ¶ 4). Plaintiffs expend substantial time, money, and professional resources in developing, promoting, and protecting its trademarks and brand. (Aspiras Aff. ¶ 4). Karla Aspiras, Director and Senior Counsel at Coach, averred that Chen, Wholesale Market, and Defendant Yan Chen LLC are not authorized, nor have they ever been, to offer for sale or sell legitimately trademarked Coach products. (Aspiras Aff. ¶ 7). Aspiras noted that Coach's intellectual property counsel reviewed evidence associated with the seized goods, concluding the merchandise was not manufactured by Coach and was not authorized to bear any registered trademarks. (Aspiras Aff. ¶ 8).

---

² Several items bearing genuine Coach trademarks were discovered during the search of Chen's residence; those items were not seized. (Dees Aff. ¶ 5).

Plaintiffs sued Chen, individually and doing business as Wholesale Market, and Yan Chen, LLC (collectively "Defendants") on December 12, 2016, for trademark infringement, trade dress infringement, trademark dilution, and counterfeiting under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, and 1125(a); copyright infringement under the United States Copyright Act, 17 U.S.C. § 501 *et seq.*; trademark infringement, unfair competition, and unjust enrichment under Kentucky common law, and unfair competition under Ohio law. (Compl. ¶ 1, DN 1). On January 8, 2021, Plaintiffs moved for summary judgment on the issue of liability, preserving the claim for damages, against Defendants for trademark infringement under 15 U.S.C. § 1114(1)(a). (Pls.' Mot. Summ. J., DN 41). After Defendants failed to respond, the Court granted summary judgment against Chen individually.[3] (Mem. Op. & Order 7-8, DN 44). Summary judgment was denied in part, however, because no evidence was proffered to indicate Yan Chen, LLC operated either Wholesale Market or the booth at Flea Land. (Mem. Op. & Order 7).

Coach now moves to renew its original motion for summary judgment and simultaneously files a renewed summary judgment motion, only as to the liability of Yan Chen, LLC, for trademark infringement. (Pls.' Renewed Mot. Summ. J., DN 57). Defendants, again, failed to respond.[4]

---

[3] Plaintiffs alleged Chen was doing business as Wholesale Market, which operated as a sole proprietorship. (Mem. Op. & Order 7 n.3, DN 44). Ultimately, Chen was found personally liable for Wholesale Market's trademark infringement. (Mem. Op. & Order 7 n.3).

[4] Mentioned in the previous Memorandum Opinion and Order, "failure to object to evidentiary material submitted in support of a summary judgment motion constitutes waiver of those objections." *Johnson v. U.S. Postal Serv.*, 64 F.3d 233, 237 (6th Cir. 1995); *see also Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 613 n.3 (6th Cir. 2007) (noting proffered evidence that fails to conform to Fed. R. Civ. P. 56 standards may still be considered when its competence is uncontested). This waiver is subject to review "only to avoid a gross miscarriage of justice." *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (citations omitted). Dees maintains personal knowledge of the matter only due to his "direct supervision" and role of President of AIS. (Dees Aff. ¶¶ 2-3, 7). While the affidavit could have been bolstered, the waiver exception ultimately does not apply *sub judice* to bar consideration of Dees' affidavit.

## II. JURISDICTION

The Court has subject-matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1121(a), 1331, 1332(a)(1), and 1338. Supplemental jurisdiction is exercised under 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thereafter, the burden passes to the nonmoving party to present specific facts indicating a genuine issue of a disputed fact material to the case. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Holiday Inns, Inc. v. 800 Reservation, Inc.*, 86 F.3d 619, 622-23 (6th Cir. 1996) ("In order to avoid summary judgment in a Lanham Act case . . . , the nonmoving party must establish that genuine factual disputes exist concerning those factors that are material to whether the confusion is likely in the marketplace as a result of the alleged infringement." (internal footnotes omitted) (citation omitted)).

## IV. DISCUSSION

Plaintiffs renew their motion for summary judgment on the trademark infringement claim, limited only to Yan Chen, LLC. (Pls.' Renewed Mot. Summ. J.). "District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought[,]" as denial of summary judgment does not wield preclusive effects. *Kovacevich v. Kent State Univ.*, 224 F.3d

806, 835 (6th Cir. 2000) (Gilman, J., concurring in part) (citation omitted). In support of the renewed motion, Plaintiffs tender the transcript of a deposition with Chen, which details the relationship between Chen, Wholesale Market, the booth at Flea Land, and Yan Chen, LLC. (Chen Dep., Feb. 24, 2022, DN 56-1). This addition satisfies the record to permit renewal.

The Lanham Act prohibits using reproductions, imitations, and counterfeits of registered marks in the sale of goods when it will likely cause confusion or mistake. 15 U.S.C. § 1114(1)(a). An infringing party "shall be liable in a civil action by the restraint for the remedies" statutorily provided. 15 U.S.C. § 1114(1); *see* 15 U.S.C. § 1117. A moving party demonstrates trademark infringement by showing: "(1) it owns a registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Bar's Prods. v. Bars Prods. Int'l*, 662 F. App'x 400, 412 (6th Cir. 2016) (citations omitted). Defendants proffer no facts or evidence to contest Plaintiffs' motion by failing to respond. Thus, summary judgment may be granted if the motion and supporting material prove such entitlement; but the failure to respond, alone, may not be used "as a reason for granting summary judgment without first examining all the materials properly before [the Court] . . . ." Fed. R. Civ. P. 56(e)(3); *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d. 611, 630 (6th Cir. 2014) (internal quotation marks omitted) (quoting *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979)).

Registration of a mark creates a presumption of validity. 15 U.S.C. § 1115(a); *Leelanau Wine Cellars Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 513-14 (6th Cir. 2007). The Complaint listed and presented Coach's registered trademarks, which are valid and subsisting. (Compl. ¶¶ 17, 19-20; Aspiras Aff. ¶ 9). Thus, the burden shifts to Defendants. *Leelanau Wine Cellars*, 502 F.3d at 514 (noting "[t]he effect of the statutory presumption contained in § 1115(a) is to shift the burden of proof to the alleged infringer . . . ." (citation omitted)). Through silence, Defendants do

not meet this burden. Therefore, there is no genuine issue as to Coach owning the registered trademarks.

Next, Plaintiffs must show a likelihood of confusion. "The touchstone of [trademark infringement] liability . . . is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Rupp v. Courier-J., Inc.*, 839 F. App'x 1003, 1006 (6th Cir. 2021) (alterations in original) (internal quotation marks omitted) (citation omitted); *see also Homeowners Grp., Inc. v. Home Mktg. Specialists*, 931 F.2d 1100, 1107 (6th Cir. 1991) ("The ultimate question remains whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way."). When evaluating counterfeit[5] products, the likelihood is presumed. *Microsoft Corp. v. Sellers*, 411 F. Supp. 2d 913, 919 (E.D. Tenn. 2006); *Gen. Motors Corp. v. Autovation Techs., Inc.*, 317 F. Supp. 2d 756, 761 (E.D. Mich. 2004). It is undisputed the products were sold by Chen's businesses, which injected them into commerce and, as the products were counterfeit, the presumption applies. Accordingly, Plaintiffs have established liability for trademark infringement.

This matter returns to the same posture as the original motion, but the inclusion of Chen's deposition now illuminates Yan Chen, LLC's role. Chen is the sole director of the LLC, and its address is Chen's home. (Chen Dep. 7:18-19, 9:11-17). Chen explained the LLC was created to apply for a credit card in order to facilitate credit card purchases at Wholesale Market and the Flea Land booth. (Chen Dep. 8:2-22). Using the card, the transactions occurred on behalf of Wholesale Market and the Flea Land booth, and expenses for the businesses were also charged. (Chen Dep. 12:1-9, 14:19-25, 19:21-24). Yan Chen, LLC had no business activities or obligations. (Chen

---

[5] A "counterfeit" under the Lanham Act is "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

Dep. 9:7-10). Based upon the testimony, Yan Chen, LLC's business is inextricably intertwined with Chen, Wholesale Market, and the Flea Land booth.

Similar to Wholesale Market, there is no evidence to suggest Chen was not involved in or not aware of Yan Chen, LLC's actions, insofar that a reasonable juror could infer he was not personally involved in the infringement. *See Coach, Inc. v. D & N Clothing, Inc.*, No. 10-12813, 2011 U.S. Dist. LEXIS 74294, at *9 (E.D. Mich. July 11, 2011) ("An individual corporate officer, director, owner, or employee can be liable for trademark infringement by the corporation where the individual is either personally involved in the infringement or is willfully blind to infringing activity." (citation omitted)). Therefore, Chen is personally liable for Yan Chen, LLC, by virtue of being director and his personal involvement, regardless of whether the actions were for the benefit of the LLC. *See In re Interstate Agency, Inc.*, 760 F.2d 121, 125 (6th Cir. 1985); *Sadieboo, Inc. v. MJ Tools Corp.*, 526 F. Supp. 3d 285, 293 (W.D. Mich. 2021); *GM L.L.C. v. Autel.US Inc.*, No. 14-14864, 2016 U.S. Dist. LEXIS 40902, at *17-20 (E.D. Mich. Mar. 29, 2016).

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Renewed Motion for Summary Judgment (DN 57) is **GRANTED**. Plaintiffs are granted judgment on the issue of liability against all Defendants, with Chen being personally liable in all respects. Within **ten days** of the entry of this Memorandum Opinion and Order, Plaintiffs shall supplement the record with admissible proof as to damages sought. Any response will be due within **seven days** thereafter.

Greg N. Stivers, Chief Judge
United States District Court

October 17, 2022

cc: counsel of record
Defendants, *pro se*